NO. 07-10-00263-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



AUGUST
12, 2010

 



 

IN RE JAICOURRIE FINLEY, RELATOR



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Relator, JaiCourrie Finley, has filed an
“Application for Writ of Mandamus” requesting this Court order respondent, the
Honorable Ana Estevez, Judge of the 251st District Court of Potter
County, Texas, “to give consideration to and rule upon the applicant’s pending
petition for judicial review . . . .”  We
deny the petition.

Texas
Rule of Appellate Procedure 52.3[1]
identifies the requirements for a petition for writ of mandamus[2]
filed in this court.  Finley has failed
to comply with these requirements.  Rule
52.3(a) requires that a petition must include a complete list of all parties
and the names and addresses of all counsel. 
Finley does not list the names of the parties against whom he seeks
mandamus relief apart from the identification of Judge Estevez in the argument
portion of his petition.  Rule 52.3(b)
requires that the petition include a table of contents with references to the
pages of the petition and an indication of the subject matter of each issue or
point raised in the petition.  Finley’s petition includes no table of
contents.  Rule 52.3(c) requires that a
petition include an index of authorities in which all authorities cited in the
petition are arranged alphabetically and the page(s) upon which the authorities
are cited is indicated.  Finley=s petition includes no index of
authorities.[3]  Rule 52.3(f) requires the petition include a
concise statement of all issues or points presented for relief.  Finley’s petition includes no such statement.  Rule 52.3(g) requires the petition include a
statement of facts supported by citation to competent evidence included in the
appendix or record.  Finley’s petition
does not include a statement of facts. 
Rule 52.3(h) requires a clear and concise argument for the contentions
made, with appropriate citations to authorities.  Finley’s argument is reasonably clear and concise, however, he makes no citations to legal
authority.  Rule 52.3(i)
requires the petition include a short conclusion that “clearly states the
nature of the relief sought.”  Finley’s
conclusion requests this Court to issue a writ of mandamus against Judge
Estevez directing her “to give consideration to and rule upon the applicant’s
pending petition for judicial review . . . .” 
According to his petition for writ of mandamus, Finley indicates that
the petition upon which he seeks the trial court’s ruling relates to his
“challenge” of “six administrative decisions – disciplinary actions – by the
Texas Department of Criminal Justice . . . .” 
However, Finley provides no further information regarding the nature of
the relief that he seeks.  Rule 52.3(j)
requires the person filing the petition to certify that he has reviewed the
petition and concluded that every factual statement in the petition is
supported by competent evidence included in the appendix or record.  Finley did not certify his petition.  Finally, Rule 52.3(k)(1)(A)
requires that the appendix to the petition include a certified or sworn copy of
any order complained of, or other document showing the matter complained
of.  Finley has not included an appendix
to his petition.  As each of these items are required in a petition for writ of mandamus and Finley
has failed to comply with these requirements, we may not grant the relief that
he requests.

As
Finley=s petition for writ of mandamus does
not comply with the requirements of Rule 52.3, we deny the petition.

 

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 











[1]Further citation of Texas Rules of
Appellate Procedure will be by reference to ARule __.@





[2] While Finley has titled his document an “Application
for Writ of Mandamus,” we construe it to be a petition for writ of mandamus
subject to the requirements of Rule 52.3.





[3] This omission is not surprising considering that
Finley’s petition makes no reference to any legal authority.